UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>VIKING PLAZA REALTY GROUP, LLC,<br><br>*Defendant*. | Case No. _____<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendant Viking Plaza Realty Group, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the shopping mall known as "Viking Plaza Mall", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "Viking Plaza Mall", located at 3015 Minnesota Highway 29, Alexandria, MN 56308.

3. Defendant's failure to provide equal access to "Viking Plaza Mall" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.      Defendant's conduct constitutes an ongoing and continuous violation of the law.

5.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr. Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Viking Plaza Realty Group, LLC, a Minnesota limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the shopping mall "Viking Plaza Mall", a place of public accommodation within the meaning of the ADA, located at the street address of 3015 Minnesota Highway 29, Alexandria, MN 56308.

## FACTUAL BACKGROUND

11. On June 24, 2017, Plaintiff attempted to patronize the large shopping mall, "Viking Plaza Mall", in Alexandria, Minnesota. "Viking Plaza Mall" had many tenant businesses, including approximately 30 retail businesses.

12. "Viking Plaza Mall" had a large parking lot that surrounded the building. Plaintiff found that the customer parking lot had approximately 1050 total parking spaces.

13. Plaintiff found a total of 25 parking spaces reserved for persons with disabilities.

14. The parking lot area near Dunham's Sports had 3 parking spaces reserved for persons with disabilities. 2 of these reserved parking spaces lacked adjacent access aisles.

15. An image in Exhibit A to this Complaint depicts these 2 reserved parking spaces lacking an adjacent access aisle.

16. The parking lot area near the back of JCPenny had 1 reserved parking space.

17. The parking lot area near the front of JCPenny had 3 reserved parking spaces.

18. 1 of these reserved spaces had narrow, triangular access aisle that tapered to a point at one end of the parking space.

19. The other 2 reserved parking spaces also had triangular access aisles that tapered to a point at the back of the parking space. 1 of these parking spaces was reserved through a sign posted not over the space itself, but over the triangular access aisle.

20. Images in Exhibit B to this Complaint depict the 3 reserved parking spaces located in front of JCPenny.

21. The parking lot area near Glik's had 3 reserved parking spaces. None of these spaces had adjacent access aisles.

22. Images in Exhibit C to this Complaint depict the 3 reserved parking spaces located near Glik's.

23. The parking lot area near JoAnn Fabrics had a group of 3 reserved parking spaces. 1 of these parking spaces had a sign facing the wrong direction, thus not clearly indicating which space it was meant to reserve. 1 of these parking spaces had a narrow access aisle, approximately 3 feet wide. 1 of these parking spaces had a sign facing the wrong direction, and its adjacent access aisle tapered to a point at the end of the access aisle.

24. The parking lot area near JoAnn Fabrics also had 2 other reserved parking spaces next to each other. These 2 parking spaces both lacked adjacent access aisles, and 1 of them had a storm drain on the edge.

25. Images in Exhibit D to this Complaint depict the 5 reserved parking spaces located near JoAnn Fabrics.

26. The parking lot area near the Brass Lantern restaurant had 2 reserved parking spaces. These 2 parking spaces both lacked adjacent access aisles.

27. An image in Exhibit E to this Complaint depicts these 2 reserved parking spaces.

28. 7 other reserved parking spaces were located on the northwest and west part of the "Viking Plaza Mall" customer parking lot.

29. 1 final reserved parking space was located on the south side of the "Viking Plaza Mall" customer parking lot near the Herberger's store entrance. This reserved parking space lacked an adjacent access aisle.

30. An image in Exhibit F to this Complaint depicts this reserved parking space, which lacks an adjacent access aisle.

31. As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "Viking Plaza Mall".

32. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout Minnesota, including Alexandria. He attempted to patronize "Viking Plaza Mall", but was deterred, due to the lack of accessible parking.

33. In light of the architectural barriers at "Viking Plaza Mall", Plaintiff is deterred from visiting "Viking Plaza Mall" in the future. Plaintiff would like to be able to patronize the tenant businesses of "Viking Plaza Mall", but these architectural barriers deter him from doing so. He plans to return and patronize "Viking Plaza Mall" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

34. Plaintiff attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

35. The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A. Notice of the architectural barriers at "Viking Plaza Mall" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit G to this complaint.

## FACTUAL ALLEGATIONS

36. Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Viking Plaza Mall". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Viking Plaza Mall" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Viking Plaza Mall" had approximately 1050 total parking spaces in its customer parking lot and had 25 parking spaces reserved in some way as accessible parking spaces, but the parking lot had only 9 parking spaces complying with ADAAG 502, fewer than the required 21 reserved parking spaces, in violation of ADAAG 208.2. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and wheelchair.

b. 10 reserved parking spaces in the "Viking Plaza Mall" customer parking lot lacked an adjacent access aisle, in violation of ADAAG 502.2. Plaintiff requires an access aisle to make a safe transfer between his vehicle and his wheelchair.

c. 5 reserved parking spaces in the "Viking Plaza Mall" customer parking lot lacked an adjacent access aisle at least 5 feet wide extending the length of the parking space, in violation of ADAAG 502.3. Plaintiff requires an adequately wide access aisle to make a safe transfer between his vehicle and his wheelchair

d. "Viking Plaza Mall" had 3 reserved parking spaces that were reserved through paint on the surface of the parking space but were not reserved through posted signage over the parking space, in violation of ADAAG 216.5 and 502.6. Missing or poorly-placed signage makes it difficult for Plaintiff to find accessible parking spaces and makes it difficult for law enforcement to enforce parking rules and regulations.

e. 1 reserved parking space in the "Viking Plaza Mall" customer parking lot had a storm drain with openings greater than 1/2 inches in diameter, in violation of ADAAG 502.4 and 302.3. Large openings create the risk of Plaintiff catching his wheelchair in the opening, creating the risk of falling, getting stuck, or damaging his wheelchair.

f. "Viking Plaza Mall" had 0 parking spaces marked as van parking spaces, fewer than the required 4, in violation of ADAAG 208.2.4, 216.5, and 502.6. Plaintiff sometimes travels in a wheelchair van, and in these events, requires van parking to make transfer between the van and the parking lot.

37. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Viking Plaza Mall". To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

38. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Viking Plaza Mall" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

39. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

40. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

41. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Viking Plaza Mall" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

42. Plaintiff incorporates and realleges the above paragraphs.

43. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

44. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

45. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "Viking Plaza Mall" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

46. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

47. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers is readily achievable.

48. Plaintiff plans to visit "Viking Plaza Mall" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Viking Plaza Mall" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

49. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Viking Plaza Mall" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Viking Plaza Mall" until such time as Defendant cures the access barriers.

50. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and inde-

pendently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  August 17, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805